**IN THE UNITED STATES DISTRICT COURT**
**STATE OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **Bobby Grant, Jr. as Personal** ) | **C/A No.3:17-cv-00377-CMC** |
| **Representative of the Estate of** ) | |
| **Bobby Grant, Sr. and as** ) | |
| **Representative of the Statutory** ) | |
| **Beneficiaries,** ) | |
| ) | |
| **Plaintiff,** ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| **vs.** ) | |
| ) | |
| **United States of America,** ) | |
| ) | |
| **Defendant.** ) | |

The Plaintiff, by and through their undersigned counsel, and complaining of the Defendant herein,

respectfully alleges as follows:

1.     Plaintiff Bobby Grant, Jr. is a citizen and resident of Chesterfield County, State of South

Carolina and is the duly appointed Personal Representative of the Estate of Bobby

Grant, Sr. ("Decedent"). He brings this action in his individual capacity as a statutory

beneficiary of the Decedent, and on behalf of the Estate of Decedent, for damages

recoverable pursuant to S.C. Code Ann. § 15-5-90 (1976, as amended), and for

damages recoverable by the statutory beneficiaries of the decedent pursuant to S.C.

Code Ann. §§ 15-51-10, et seq. (1976, as amended).

2.     That Decedent Bobby Grant, Sr. was at all times relevant to this action and up to his

death on August 7, 2013, a citizen and resident of the County of Chesterfield, State of

South Carolina.

3.    The Defendant, United States of America, is the proper party in this matter.  This case

is commenced and prosecuted against the Unites States of America pursuant to and in

compliance with Title 28 U.S.C. § 2671 to § 2680, commonly referred to as the

"Federal Tort Claims Act."  Liability of the United States is predicated specifically on

Title 28 U.S.C. § 1346(b)(1) and § 2674 because the personal injuries and resulting

damages of which complaint is made, were proximately caused by the negligence,

wrongful acts and/or omissions of agents and/or employees of the United States of

America, including, but not limited to, agents and employees of the William Jennings

Bryan Dorn VA Medical Center located in Richland County, Columbia, South Carolina

(hereinafter, collectively, including all agents and/or employees, "Dorn VAMC").  Upon

information and belief, all agents and/or employees of Dorn VAMC were acting within

the scope of their office, agency or employment while providing care or medical

treatment to Bobby Grant, Sr., under circumstances where the United States of

America, if a private person, would be liable to the Plaintiffs in the same manner and to

the same extent as a private individual under the laws of the State of South Carolina.

4.    This Federal District Court has jurisdiction of this case, because this action is brought

pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-2680 et seq.,

commonly known as the "Federal Tort Claims Act," which vests exclusive subject

matter jurisdiction of Federal Tort Claims Act litigation in the Federal District Court.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as the United

States is a Defendant and a substantial part of the events or omissions giving rise to this cause of action occurred in this district at the Defendant's Dorn VAMC located in Richland County, Columbia, South Carolina.

6.    Dorn VAMC is a medical facility whose employees and agents provide care to military personnel, former military personnel and their families, and as such, are agents or employees of the United States of America.  The United States of America, at all times material hereto, owned, operated and controlled the health care facility known as Dorn VAMC in Columbia, South Carolina.  The care and medical treatment at Dorn VAMC was undertaken by agents, servants, and/or employees of the Defendant.

7.    Plaintiffs plead, pursuant to title 28 U.S.C. § 2672 and § 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agent in a timely manner and the claim was denied by the appropriate Federal agency on or about November 4, 2015.  That denial was timely appealed on April 29, 2016, with no formal decision being made or communication received from the Defendant prior to the expiration of the six month period during which the right to file suit was suspended and this action follows.   Additionally, the Plaintiff has attached the affidavit of an expert witness to this filed complaint to comply with South Carolina State Law.  Accordingly, the Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

**GENERAL FACTUAL ALLEGATION APPLICABLE TO ALL CLAIMS**

8.    At all times material hereto, all persons involved in the medical and health care services

provided to the decedent were agents, servants, and/or employees of Dorn VAMC,

the United States of America, or some other agency thereof, and were at all times

material hereto, acting within the course and scope of such employment.

9.     This is a Federal Tort Claims Act case for monetary damages sustained by Plaintiffs

resulting from personal injuries of the decedent Bobby Grant, Sr., as a result of

substandard, and therefore, negligent medical care by agents and employees of the

Defendant.

10.     More specifically, this claim concerns the substandard medical, nursing, and hospital

care provided by agents, servants, and employees of the United States of America at

Dorn VAMC while Bobby Grant, Sr. was a patient at these facilities.

11.     Upon information and belief, at all times relevant to this action, Dr. Eric Paul Naumann,

was the employee, agent or apparent agent of the Dorn VAMC, and all acts and

omissions of Dr. Eric Paul Naumann were performed within the course and scope of his

employment or agency for Dorn VAMC.

12.     At all times relevant to this action, a doctor-patient relationship existed between Bobby

Grant, Sr. and Dr. Eric Paul Naumann.

13.     Upon information and belief, Dr. Eric Paul Naumann, was the agent or apparent agent

of the Defendant Dorn VAMC and served as the primary care physician for Bobby

Grant, Sr. during the time from February 24, 2009, to June 18, 2013, and all acts and

omissions of Dr. Eric Paul Naumann during this aforementioned period were performed

within the course and scope of his employment and/or agency for Defendant Dorn

VAMC.

14.    In February 2007 the Decedent began to have laboratory and blood tests run on him at Dorn VAMC which indicated abnormal and elevated levels of prostate specific antigen (PSA) levels.

15.    Decedent's laboratory and blood tests revealed elevated PSA levels again in February 2008 and February 2009.  These abnormal test results were not followed up with an adequate evaluation.

16.    Despite the prior elevated testing results, no PSA testing was performed in 2010 or 2011.

17.    Testing was again performed of Decedent's PSA levels in June 2012 and revealed PSA levels of 124.71.  Although this abnormal test result was extremely indicative of some disease process in his body, decedent did not receive a follow up with an adequate evaluation.

18.    The treating medical providers of the Decedent should have realized that the abnormal test results warranted further follow up in a timely manner.

19.    Decedent's treating medical providers re-checked Decedent's PSA levels on or about April 9, 2013, at which point Decedent's PSA levels were noted to be greater than 100 and flagged as an elevated level.

20.    Decedent was notified of the elevated level and consulted with an urologist on April 18, 2013, at which point his PSA level was discovered to be 796.53.

21.    Decedent was diagnosed with widely metastatic adenocarcinoma of the prostate,

obvious Stage IV disease on July 23, 2013.

22.    Decedent died on August 7, 2013, as a result of prostate cancer with metastatic

disease.

23.    Had the elevated PSA levels been investigated in 2007, 2008, 2009 or 2012, or had

PSA levels been properly monitored and investigated in 2010 or 2011, follow-up and

therapy for the Decedent's prostate cancer could have been initiated in a more timely

and effective manner and would have resulted in a more favorable outcome for the

decedent.

24.    Some of the breaches of the Defendant are specifically addressed in the expert affidavit

of merit which has been filed contemporaneously with this Summons and Complaint

(attached hereto as Exhibit A).

25.    As a direct and proximate result of the substandard medical, nursing, and hospital care

of Bobby Grant, Sr. by agents, servants, and employees of the United States, the

Decedent suffered grievous personal injuries and died.

### FOR A FIRST CAUSE OF ACTION
**(Negligence – Wrongful Death)**

26.    Plaintiff re-alleges and reiterates paragraphs 1-25 as though fully set forth herein

verbatim and would further allege:

27.    The Defendant United States of America through agents and/or employees did

undertake the duty to render medical care to Decedent in accordance with the

prevailing and acceptable professional standards of care in the national community.

28.     Notwithstanding said undertaking and while Decedent was under the care of agents and

employees of the Defendant, said agents and employees of the Defendant departed

from prevailing and acceptable professional standards of care and treatment of

Decedent and were thereby negligent, careless, grossly negligent, reckless and in

violation of the duties owed to Decedent, and are liable for one or more of the following

acts of omission or commission, any or all of which are departures from the prevailing

and acceptable professional standards of care:

a.      Failure to adequately review risks and benefits of and alternatives to the

evaluation and treatment;

b.      Failure to properly diagnose and treat Decedent;

c.      Failure to properly care for and treat Decedent;

d.      Failure to properly assess the condition and identify the clinically indicated

procedure or referral needed for treatment of Decedent's condition;

e.      In such other particulars as may be ascertained through discovery procedures

undertaken pursuant to the Federal Rules of Civil Procedure.

29.     As a direct and proximate result of the negligence, carelessness, gross negligence,

recklessness and departure from the professional standards of care by Defendant, the

Plaintiff  has suffered from:

a.      personal injury;

b.      pain and suffering;

c.      mental anguish;

d. loss of enjoyment of life;

e. medical and pharmaceutical expenses;

f. Other costs and expenses associated with the negligence of Defendant;

g. loss of earning capacity; and

h. in other such particulars as will be ascertained in the discovery process;

 for which the Plaintiff is entitled to recover actual damages.

30. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the professional standards of care by Defendant United States of America, the Decedent suffered from severe debilitating injuries which resulted in his death, as a result of which the decedent's statutory beneficiaries have lost the aid, comfort, emotional and financial support, society and companionship of the decedent, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, the likes of which no person should endure, for which the Plaintiff is entitled to recover actual damages.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence - Survivorship Action)**

31. Plaintiff re-alleges and reiterates paragraphs 1-30 as though fully set forth herein verbatim and would further allege:

32. The Decedent's estate, as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of the Defendant, as aforesaid, the Decedent suffered fear, physical pain, and suffering, and mental and emotional distress and

anguish in the time before his death, for which the Decedent's estate is entitled to an award of actual damages.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for actual damages, special damages, and consequential damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

Respectfully submitted,

/s/ Allison P. Sullivan
BLUESTEIN, NICHOLS, THOMPSON, & DELGADO, LLC
Allison P. Sullivan
Fed. ID No. 10480
apsullivan@bntdlaw.com
Blake A. Hewitt
Fed. ID No. 10524
bhewitt@bntdlaw.com
Post Office Box 7965
Columbia, South Carolina 29202
(803) 779-7599
(803) 771-8097 facsimile
ATTORNEYS FOR PLAINTIFFS

February 8, 2017
Columbia, South Carolina.