IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bobby Grant, Jr. as Personal Representative of the Estate of Bobby Grant, Sr. and as Representative of the Statutory Beneficiaries,<br><br>    Plaintiff,<br>vs.<br><br>United States of America,<br><br>    Defendant. | Civil Action No.: 3:17-cv-00377-CMC<br><br>**ORDER APPROVING SETTLEMENT** |

  This matter is before the court on the verified petition of Plaintiff Bobby Grant, Jr. ("Plaintiff"), Personal Representative of the Estate of Bobby Grant, Sr. ("Decedent"). With the consent of all parties, Plaintiff asks the court to approve the proposed settlement of any and all claims raised in this action.

  Plaintiff brought this action seeking damages for Decedent's death. Plaintiff alleges the death was the proximate result of medical malpractice committed by Defendant's agents or employees while Decedent was a patient at the Dorn VA Hospital. He asserts claims for medical malpractice, wrongful death, and survival. Defendant denies liability. However, in view of future expenses and uncertainty of litigation given the complex scientific and medical issues involved, the parties agreed to a settlement in the amount of $220,000 in exchange for the full, complete and final release of all claims (this sum is referred to herein as the "Settlement Amount").

  The parties agree payment of the Settlement Amount shall be in exchange for execution of a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 ("Settlement Stipulation"). The Settlement Stipulation will forever discharge Defendant from any and all liability for injuries and damages (known or unknown, foreseen or

unforeseen, suspected or unsuspected), actions, causes of action (including claims for contribution and/or indemnity), claims, demands, damages, suits at law or in equity, of whatsoever kind or nature or because of any matter or thing done, omitted, or suffered to be done by Defendant, arising out of or in any way related to the above captioned lawsuit and/or the incident referenced therein.

After reviewing the Verified Petition for Approval of the Settlement Agreement ("Petition"), which is incorporated herein by reference and fully made a part of this order, and other documents filed in support of the Petition, the court finds as follows:  (1) Plaintiff, who is the person authorized to pursue this action, seeks approval of the settlement; (2) All persons with an interest in proceeds of this action[1] are aware of the proposed settlement and do not object to it; (3) Plaintiff is fully aware that upon execution of the Settlement Stipulation, any and all claims resulting from the conduct alleged and injuries claimed in this matter, which occurred prior to the signing of this document, against Defendant and its agents, servants, employees, former employees, insurers, and all other persons, firms, governmental entities, and corporations will be extinguished.  Plaintiff's counsel has signed a certificate attesting to the fact that she is of the opinion that the settlement is fair and reasonable and in the best interest of the statutory beneficiaries, the heirs at law, and Decedent's Estate.

Upon full consideration of this matter, the court finds the proposed settlement is fair and just and in the best interest of the parties.  The court, therefore, approves the proposed settlement and authorizes Plaintiff to sign the Settlement Stipulation.

---

[1] Decedent died testate.  His testamentary heirs are his living children, Bobby Grant, Jr. and Cindy Grant.  He was predeceased by a third child who died without offspring.  Decedent was not married at the time of his death.  Thus, Decedent's testamentary heirs and statutory beneficiaries are the same two individuals.

Following the issuance and filing of this Order, Defendant will tender a total of $220,000.00 in exchange for the full, complete and final settlement of Plaintiff's claims, and out of that amount, Plaintiff's counsel shall receive $55,000.00, calculated based on an agreed upon 25% contingency fee as outlined in Exhibit B to the Petition, for all attorneys' fees incurred by Plaintiff in this matter, including, without limitation, any and all fees arising from or otherwise associated with obtaining court approval of this settlement and any other filings, proceedings, or other actions which may be necessary to effectuate and/or finalize this settlement, and $4,741.12, as outlined in Exhibit C to the Petition, for all costs incurred by or on behalf of Plaintiff in this matter, including, without limitation, any and all costs arising from or otherwise associated with obtaining court approval of this settlement and any other filings, proceedings, or other actions which may be necessary to effectuate and/or finalize this settlement. I have reviewed the proposed attorneys' fees and costs and find that they are fair, reasonable, and comply with the Federal Tort Claims Act.

The net proceeds of the settlement are allocated between the claim for wrongful death and the claim for survival in the following percentages: (1) 50% for wrongful death; (2) 50% for survival. Pursuant to S.C. Code § 15-51-20, the statutory beneficiaries of this action are Decedent's children, Bobby Grant, Jr. and Cindy M. Grant, and both are aware of this action and the proposed settlement. The net wrongful death proceeds shall be paid directly to the statutory beneficiaries and the net survival proceeds shall be reported to the Probate Court but distributed directly to the Estate's heirs, less any sum required to be paid to the Probate Court, which is to be deducted proportionally from the proceeds and paid directly to the Probate Court. Therefore, the net settlement proceeds should be distributed, after deduction of all attorneys' fees and litigation costs as follows: (1) 50%

of the net proceeds to Bobby Grant Jr. (less any sums to be paid to the Probate Court); and (2) 50% of the net proceeds to Cindy Grant (less any sums to be paid to the Probate Court).

The court finds the requirements of S.C. Code § 15-51-42 have been met and satisfied.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the settlement is approved pursuant to the allocations and distributions specified in this Order, and Plaintiff is authorized to accept the offer of a compromise settlement and direct the negotiated sums be paid as set forth above. Plaintiff is directed to execute and deliver the Settlement Stipulation to Defendant. As directed herein, the parties shall bear their own attorneys' fees and costs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the attorneys' fees including costs and expenses in the amount as set forth herein, be approved for distribution from the settlement proceeds.

**IT IS SO ORDERED.**

s/ *Cameron McGowan Currie*
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 9, 2018